NOV 0 1 2022

Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
   DISTRICT OF MONTANA
      BUTTE DIVISION

   STEPHEN P. KELLY,
   General Delivery,
   U.S. Post office,
   Cody, Wyoming 82414,
      Plaintiff,


VS.


ALBERTSONS INC., an Idaho corporation,
HOLLIE STEPLETON, in her official
capacity as store director of the
Livingston Albertson's store in
Livingston — Montana, ALEXANDER
MATTUCCI, in his official
capacity as pharmacy manager
over the OSCO pharmacy at the

(1)

Livingston Montana Store, and JANE DOE/A.K.A./HEATHER, in her official capacity as pharmacy technician assigned to the OSCO Albertsons pharmacy in Livingston, Montana, 250 ParkCenter BLVd. Boise, Idaho 8306, jointly,

    Defendant(s).


CIVIL COMPLAINT

Comes now the plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter, Plaintiff KELLY, and sues the defendant's jointly, and in their official capacities; ALBERTSONS INC., an Idaho corporation, HOLLIE STEPLETON, in her official capacity, ALEXANDER MATTUCCI, in his official capacity, and JANE DOE/A.K.A./HEATHER, in her official capacity, alleging:

(A) Pharmaceutical misconduct,

( 2 )

(B) Unlawful interference with identity of a pharmacist

(C) Failure of competent oversight by store director!

(D) Severe interference in the Termination of sincere phone consult in competent access of entitled medications!

(E) Defamation, and Libelous publications by a pharmacy MGr!

PARTIES

(2) Corporate defendant's, the Albertsons corporation is an Idaho corporation with its principal place of business in the diverse state of Idaho, and obtains a widespread numeration of stores throughout the State of Montana!

(3) Capacity defendant, HOLLIE STEPLETON, acD in her official capacity as store director over the concise Albertsons store facility at Livingston - Montana!

(3)

(4) Capacity defendant, ALEXANDER MATTUCCI, act in his official capacity as pharmacy manager over the osco/ALbertsons pharmacy Located in Livingston-montana.

(5) capacity defendant, JANE DOE/A.K.A./HEATHER, acts in her official capacity as pharmacy technician assigned to the osco/ALbertsons pharmacy Located at Livingston-montana!

## NATURE OF THE CASE

(6) Pursuant to montana Legislat-
-ion as to a Licensed pharmacy,
any and all pharmacy personnel
at which are in fact Licensed
with the State of montana, are
clearly required in which disclose
their official identity "[without]
interference or without question
or reason for such inquired
identity information from a
pharmacy patient! The Law is
clearly (non flexible)

(4)

(7) Pharmaceutical misconduct rises where any such legislation, federal or state, is in fact violated at the hands of any pharmacy personnel as to any such interference or violation of state or federal statute, with (intent or knowing)!

(8) Failure of competent oversight exists where in this concise case a specific store director oversight primary capacity over a widespread numeration of employ's is charged by corporate policy in which to ensure that quality customer service is in fact provided to each customer without delay or interference such as a medication refill from the pharmaceutical portion of the corporation and local store entity! Such as here, defendant, HOLLIE STEPLETON!

(5)

(9) Here, in this concise case, defendant, HOLLIE STEPLETON, is further charged by corporate policy even in which to exercise Jurisdiction and primary oversight of even the pharmacy division of her concise store, and to ensure that the pharmacy personnel at which she obtains oversight of is in compliance with state and federal Legislat--ion!

(10) A disconnection of any telephone conversation at the hands of any pharmacy technician during such time at which a patient is in sincere inquiry of a prescribed medication, and a dire need for a certain prescribed medication does in fact qualify as pharmaceutical interference, such as is engaged into at the hands of defendant DoE/A.K.A/ HEATHER, a pharmacy technician assigned to the Livingston OSCO/ ALbertsons pharmacy!

(6)

(11) As to the concise cause of action of defamation, pursuant to a judicial claim existing of defamation under Montana Law; "[defamation is in fact effected by either Libel, or slander]", where slanderous quotes are merely spoken, whereas libelous quotes are in fact a written publication with clear intent to cause injury, such as with Plaintiff KELLY, in this concise case, where defendant, Alexander Mattucci, in this concise case has clearly defamed Plaintiff KELLY, without privilege or consent!

(12) Pursuant to Montana legislation, slander is in fact defined as follows: slander is in fact an unprivileged publication other than libel at which tends directly to cause injury to a person in respect to a person's office, profession, trade or business, or by natural consequence causes civil, or actual damage!!

(7)

## JURISDICTION AND VENUE

(13) This federal court obtains subject matter jurisdiction over this case based upon diversity of citizenship, where the parties are citizens of different states. 28 U.S.C. § 1332.

(14) Plaintiff STEPHEN P. KELLY, is a citizen of the United States, and is a resident of the diverse state of Wyoming, and has resided in Wyoming in part, times material to this action.

(15) Corporate defendant's, ALBERTSONS INC., is an Idaho corporation with its principal place of business in the diverse state of Idaho, and does business in Montana!

(16) Capacity defendant, HOLLIE STEPLETON, is a citizen of the state of Montana, and has resided in Montana at all times material to this action.

(17) Capacity defendant, ALEXANDER MATTUCCI, is a citizen of the state of Montana, and has resided in Montana at all times material to this action.

(18) Capacity defendant, JANE DOE/ A.K.A./HEATHER, is a resident of the state of Montana, and has resided in Montana at all times material to this action.

(19) The amount in dispute is in excess of, $75,000.

(20) Venue is proper in the district of Montana because each event giving rise to this action accrued in the district of Montana. 28 U.S.C § 1391.

STATEMENT OF FACTS

(21) On the concise date of october - 13th, 2022, Plaintiff KELLY, merely sought his sincere medication's to be promptly accessed by defendant's DOE/A.K.A./ HEATHER, and pharmacy manager, ALEXANDER MATTUCCI, both acting

(9)

in their official capacities as
on duty pharmacy personnel on
that concise date!

(22) Plaintiff KELLY, during this
same telephone conversation now
directly with pharmacy technician,
(Jane DOE/A.K.A/HEATHER, KELLY,
inquired as to certain medication's
on file with this concise pharmacy,
and KELLY, clearly noted to this
specific pharmacy technician,
that he was in sincere need of
specific medications, such as;
(a) his sincerely needed cardiac
medication, (b) his thyroid medic-
-ation, (c) his most paramount
need for his seizure medication, (d)
his sincere and dior need for his
blood pressure medication, and (e)
his cholesterol medication !!!

(23) upon KELLY'S mere request
addressed to a licensed pharmacy
technician, (defendant DOE/A.K.A./
HEATHER, as to her very soon filling
these concise five much needed
medication's, she/defendant DOE,
in fact became very belligerent

towards this patient, Plaintiff
KELLY, and made a very unprofessional
quote addressed directly to KELLY, that
she was very busy and did not
obtain time in which to fill five
consecutive medication's, and most
Schocking she advised KELLY, to take
his pharmacy business to another
local pharmacy, where as in this
concise claim there in fact exists
a severe act of pharmaceutical
interference, and undue delay of
competent access to prescribed
medication's, where this concise
defendant, JANE DOE/A.K.A./HEATHER,
most unlawfully terminated this
telephone consult between her
and this patient, KELLY, and in
that she in fact most unlawfully
eluded her Legal state obligation
in which to act with 100% competence,
and to provide KELLY, with his
entitled prescribed medication's
without interference or further
delay!

   (24) KELLY, promptly made
direct contact with official
Store director, HOLLIE STEPLETON,

(11)

and upon KELLY, noting to this
store director all of the specific
events at which rose within her
pharmacy, she/defendant STEPLETON,
merely laughed and then quoted to
KELLY, to go ahead and litigate
upon the Albertsons corporation,
and quoted that she certainly did
not care!!! Note. This concise
store director, (HOLLIE STEPLETON),
clearly receives a financial salary
despite compliance with corporate
policy at which she is in fact
charged by company policy in which
to enforce! Store director, (HOLLIE
STAPLETON, has in fact clearly,
and with clear intent condoned
and ratified the severe pharmaceutical
misconduct engaged into at the
hands of defendant DOE/A.K.A./
HEATHER, and of the severe pharm-
- ceutical misconduct of pharmacy
manager - ALEXANDER MATTUCCI!

(25) KELLY, then called back
into this same Livingston Osco,
Albertsons and inquired directly
with official pharmacy manager,
(ALEXANDER MATTUCCI), as to the
severe misconduct of his official
pharmacy technician, where
this defendant, ALEXANDER
MATTUCCI, clearly noted to KELLY,
that he was far too busy with
other patient's and that he did
not obtain sufficient time that
concise day in which to fill KELLY'S,
sought medication's, where KELLY,
clearly noted to this pharmacy
manager, (ALEXANDER MATTUCCI),
that he was in fact in dior and
sincere need of the concise
medication's sought, and that
physical injury would be effected
upon him in the event that he
did not promptly receive the
specific medication's sought.

(26) At the cause of the severe
intentional refusal and
neglect at the hands of this
pharmacy manager, defendant-
ALEXANDER MATTUCCI, KELLY,

(113)

being without these concise
medication's for a time window
of four consecutive day's, was in
result placed into a hospital
for a period of five day's!

(27) Further physical injury
was inflicted upon KELLY, where
Later that same day - october,
13th, 2022, Pharmacy manager,
(ALEXANDER MATTUCCI), entered
a telephone call into KELLY, and
advised KELLY, to return to the
pharmacy, in which for him/
defendant-MattucciI, to provide
KELLY, with solely one of his
needed medication's, where in
Sincere error and mistake,
these two pharmacy personnel,
defendant-Mattucci, and
pharmacy technician, defendant-
DOE/A.K.A./Heather, did in fact
dispense to KELLY, (the wrong
medication of another patient,
causing KELLY, severe physical
injury where his (esophagus
became swollen and he was
unable to properly breath!!!

(14)

(28) In result of the above and in dispensing the wrong medication to KELLY, he in fact suffered additional injury caused by these two defendant's, where because of his swollen asophagus, he/KELLY, was also placed into a hospital for the same five consecutive day's as is mentioned above!

(29) As to a claim of, (UNLAWFUL interference with identity of a pharmacist), pursuant to federal legislation, also the Montana State Board of pharmacy mandates, and of the firm governing resul-ations of the U.S. Dept. of Health and Human Services, requires any pharmacy personnel such as an official licensed pharmacist, or even a licensed pharmacy techician to provide their full official identity, such as first and last names to an inquiring pharmacy patient without any reason or interference!!!

(15)

(30) The above concise claim is PLAUSIBLE, where KELLY, inquired directly with both pharmacy personnel as to him obtaining their official Last names sufficing that KELLY, could file an entitled complaint with (a) the U.S. Dept. of Health and Human services administrative pharmas- -eutical complaint unit, and (b) to file a direct complaint with the montana State Board of pharmacy, however, both of these pharmacy personnel, defendant Alexander mattucci, and his assistant, pharmacy technician - DOE/A.K.A./ HEATHER, clearly denied KELLY, his entitled right in which to access the official Last names of these concise pharmacy Staff member's! Note, KELLY, inquired with the compliance unit personnel, (Beth murphy), with the montana State Board of pharmacy and did in fact obtain access to the proper name of pharmacy manager, (Alexander mattucci), thus the name of pharmacy technician - DOE/A.K.A./ HEATHER, was not active in the

(16)

State pharmaceutical system!
Note. During the proper state of
this case, KELLY, will then file a
motion to compel the production
off the name of this concise
last name of defendant - DOE/A.K.A./
HEATHER!

(31) Albertsons store director,
Hollie Stepleton, refused also
to provide to KELLY, here a pharmacy
patient, the official last name
of this pharmacy technician's
last name, (Heather), in a
corrupt avenue in which to elude
KELLY, to promptly file a state
Board of pharmacy complaint
with the state of Montana, which
exists as most UNLAWFUL!! store
director - Hollie Stepleton, is in
fact charged by corporate policy
in which to obtain 100% quality
oversight, and is further charged
by statute, state and federal, to
enforce general oversight
authority of even the Livingston
Albertons pharmacy division!
Here, defendant Hollie Stepleton,
is also liable for the misconduct
alleged in this concise claim as

(17)

to her intentional failure
of competent oversight!

(32) As to KELLY, being provided
with the in error, and wrong
medication of another pharmacy
patient, once KELLY, was in fact
released from the hospital in
result of his severe esophagus
injury caused by the two mentioned
pharmacy defendant's, he then
again reached out to store
director, Hollie Stepleton, as to
his severe injury, and severe
pharmaceutical misconduct at
the hands of pharmacy manager,
Alexander Mattucci, and his
assistant, Heather - a licensed
pharmacy technician, however this
most corrupt and unprofessional
store Director, Hollie Stepleton,
advised KELLY, that if he was not
satisfied with the Livingston-
Albertons pharmacy, that he
could take his pharmacy business
to another pharmacy company!

(18)

(33) AS to this same claim of
KELLY, being provided with the
wrong medication in severe error,
of a licensed pharmacist, and of
a licensed pharmacy technician,
Store Director, here defendant-
Hollie Stepleton, refused with
clear intent to take any such
corrective action as to the severe
pharmacy mistake, and severe error,
in dispensing to KELLY, the wrong
medication upon which brought upon
severe injury to his esophagus, and
resulted into KELLY, being placed
into an I.C.U. Unit (Intensive
care unit) in a hospital facility for
five consecutive day's!!!

(34) AS to the concise claim of
defamation, and LibeLous
publications which were written
at the hands of pharmacy manager,
(Alexander Mattucci), defendant
Mattucci, — entered a written
e-mail publication addressed to
an external pharmacy company,
non related to the Albertons
corporation, quoting in a severe
false and LibeLous written form,

(19)

that this concise patient, KELLY,
obtained a severe infectious,
contagious, and loathsome disease,
which were most false, and is
a clear unprivileged written
statement, made with clear
malice by defendant-Alexander
Mattucci, with defendant,
Mattucci obtaining clear knowing
that his clear written quotes as
to KELLY'S, name were in fact false!!
This act was in result of pharmacy
manager, Alexander Mattucci,
merely becoming very irritated
personally-with KELLY, as to
KELLY'S continued pursuit solely
in which to gain prompt access to
his prescribed medications on
file with the osco Albertsons
pharmacy at Livingston-Montana!

(35) Here, defendant-Alexander
Mattucci, a licensed pharmacist,
sent a written e-mail publicat-
-ion directly to the western
Drug pharmacy in Livingston-
Montana, and quoted in writting
the above articulated information
Mattucci, knowing it to be false,

and in that, causing natural
consequence upon KELLY, where
the western Drug pharmacy,
determined upon those premises
to decline to conduct pharmacy
business with this specific
patient, (KELLY)!!!!

(36) Note. During the discovery,
and disclosure process of this
case, hospital medical records will
clearly suffice the damages, and
physical injury brought upon
KELLY, caused by defendant's,
where the in error, and wrong
medication dispensed by two of
the defendant's, caused severe
physical damage to KELLY's esoph-
-agus!!!

(37) Even at the shallow part
of this specific event, defendant-
Alexander Mattucci, engaged into
a severe act of unprivileged and
unlawful disclosure, where he
without privilege or consent
per KELLY, entered a written
e-mail publication upon the
privacy of a patient/KELLY, noting

to an external pharmacy at
which obtained no such concern
what so ever as to any information
outside the confines of the
isolated Albertsons osco pharmacy,
where this concise patient, KELLY,
had never during any point and
time requested any medication
transfer which would have been
required in which for one pharmacy
to call, and disclose any patient
privacy information, (under Law)!!

(38) Diversity jurisdiction is
further predicated upon the
aspects where here KELLY, mailed
into the Albertsons corporate
office four consecutive letter's
of complaint's of all event's
at which had taken place at
the concise Livingston-Montana
Albertsons osco pharmacy, thus
the administrative office
personnel in the Idaho corpor-
-ate office during several phone
conversations with KELLY, refused
to take corrective action, concisely
as to the severe health and
safety risk of KELLY'S esophagus

(22)

being swollen, and of KELLY'S
five day stay in I.C.U., in a
hospital, as KELLY, made most
clear to two separate office
personnel in the Idaho Albertsons
corporate offices!!! KELLY'S severe
physical injury caused by
Albertsons pharmacy personnel,
was taken very lightly!!! Here,
the Albertsons corporation is
clearly liable for the misconduct
alleged, and exists as a clear
diverse state corporation, and does
business in Montana!!

## INJURY

(39) Plaintiff KELLY'S esophagus
became so swollen, causing him to
be placed into a hospital I.C.U. unit
for a time frame of five consecutive
day's caused by certain joint
defendant's, and condoned at the
hands of Albertsons corporate
official's!

(23)

(40) Plaintiff KELLY, was refused with clear intent by two pharmacy personnel his already prescribed medication's, and in result of such intentional neglect at the hands of the two pharmacy personnel, he was also placed into a hospital for five consecutive day's!

(41) Plaintiff KELLY, suffered further defamatory injury, caused by the Albertsons pharmacy manager, where the unprivileged e-mail publications addressed to an external pharmacy company, has resulted into KELLY, being refused pharmacy services at the Western pharmacy company in Livingston-Montana! Note. There are solely two pharmacies in Livingston. (a), the Albertsons-osco pharmacy, and (b) the Western pharmacy, and KELLY, was defamed and deprived of any other near-by pharmacy options!!! KELLY, does not obtain any transportation in which to drive out of town into another pharmacy!

## CLAIM ONE

(42) Certain joint defendant's, dispensed the in error, and wrong medication to Plaintiff KELLY, causing his osophagus to become swollen, and placing KELLY, into a hospital I.C.U. unit for five consecutive day's!

## CLAIM TWO

(43) A pharmaceutical technician at the Livingston - Montana Albertsons - osco pharmacy, denied Plaintiff KELLY, here all of his prescribed medications, causing KELLY physical and further health injury, this pharmacy technician engaging into a severe act of pharmaceutical misconduct! KELLY, because of this was also placed into a hospital for five consecutive day's!!!

(25)

## CLAIM THREE

(44) A corrupt avenue in which to conceal a licensed pharmacist, or a licensed pharmacy technician's official identity was engaged into at the hands of three Albertsons staffing personnel, (a) the official pharmacy manager at the Living- -ston-Montana Albertsons Osco pharmacy, (b) an official pharmacy technician at the Livingston- Montana Albertsons Osco pharmacy, and (c) the official store director over the widespread store facility at the Livingston-Montana Albert- -sons grocery store and pharmacy!!!

## CLAIM FOUR

(45) Pharmacy manager of the Livingston Albertons Osco pharmacy has clearly defamed and slandered this Plaintiff-KELLY, as to the entry of an unauthorized written Publication into an external pharmacy causing Plaintiff- damage by natural consequence!!

(26)

## RELIEF

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court for the entry of a judgment as follows:

(A) Find this civil complaint PLAUSIBLE upon its face!

(B) Find that plaintiff has in fact asserted a cognizable legal theory upon which this court can draw a reasonable inference that all defendant's are liable for the misconduct alleged!

(C) A civil jury trial is requested.

(D) Actual damage awards are sought in an amount of one million dollars!

(27)

I Declare under penalty of
perjury the foregoing to be true
and correct.

Signed this 25th, Day of
October, 2022.


_Stephen B. Kelly_
(SIGNATURE OF PLAINTIFF)